UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, and SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>MASPETH SUPPLY CO., LLC,<br><br>Defendant. | 19 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Upon information and belief, defendant Maspeth Supply Co., LLC ("Maspeth Supply") is domestic limited liability company organized under the laws of the State of New York, with its principal place of business at 55-14 48th Street, Maspeth, New York 11378, engaged in the construction business. At all relevant times, Maspeth Supply was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

6. At relevant times herein, Maspeth Supply was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7. The CBA requires Maspeth Supply to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

8. Additionally, the CBA requires Maspeth Supply to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Maspeth Supply's employees.

9. The CBA also requires that contributions and remittance reports detailing the number of hours of Covered Work performed by employees are due on or before the 35th day following the close of the month in which the hours were worked.

10. The CBA requires Maspeth Supply to comply with payroll audits to confirm that it is complying with its obligations under the CBA.

11. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at an annual rate of 10%.

12. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, Maspeth Supply is obligated to pay to the Funds its attorneys' fees.

13. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein." ("Trust Agreements.")

14. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Maspeth Supply is bound to the terms of the Collection Policy.

16. Article II of the Collection Policy provides that if Maspeth Supply fails to make contributions when due, Maspeth Supply is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of 10%, liquidated damages of 10% of the amount of the unpaid contributions, reasonable audit and collections expenses, and attorneys' fees and costs.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

18. Pursuant to the CBA, the Funds conducted an audit of Maspeth Supply covering the period January 1, 2012 through December 28, 2014 (the "2012-2014 Audit") and January 1, 2015 through September 30, 2018 (the "2015-2018 Audit") (collectively the "Audits").

19. The 2012-2014 Audit contains a principal deficiency of $33,885.25, union assessments of $1,128.74, and dues check offs of $1,187.22.

20. The Funds also incurred audit costs of $1,073.00 in connection with the 2012-2014 Audit.

21. The 2015-2018 Audit contains a principal deficiency of $218,076.46, union assessments of $8,945.50, and dues check offs of $7,344.22.

22. Further, the Funds incurred an audit cost of $2,301 in connection with the 2015-2018 Audit.

23. Despite demand for payment, these amounts remain outstanding.

24. In addition, Maspeth owes interest on the late payment of contributions for the period June 2014 through December 2018 in the amount of $8,761.77.

25. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Maspeth Supply is liable to the Funds for contributions and costs pursuant to the Audits in the total amount of $255,335.71 and union assessments and dues check offs of $18,605.68 plus interest on the unpaid contributions at an annual rate of ten percent (10%), liquidated damages of ten percent (10%) of the principal amount of the delinquency, interest on the late payment of contributions of $8,761.77, and all reasonable attorneys' fees, audit costs, and collections costs incurred by Plaintiffs.

**FIRST CLAIM FOR RELIEF AGAINST MASPETH SUPPLY**
*Unpaid Contributions Under 29 U.S.C. § 1145*

26. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

27. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

28. The CBA requires that Maspeth Supply make contributions to Plaintiffs for all Covered Work it performed.

29. Pursuant to the 2012-2014 Audit, Maspeth Supply owes contributions in the amount of $33,885.25, union assessments of $1,128.74, and dues check offs of $1,187.22.

30. The Funds also incurred audit costs of $1,073.00 in connection with the 2012-2014 Audit.

5

31. Pursuant to the 2015-2018 Audit, Maspeth Supply owes contributions in the amount of $218,076.43, union assessments of $8,945.50, and dues check offs of $7,344.22.

32. Further, the Funds incurred audit costs of $2,301 in connection with the 2015-2015 Audit.

33. Maspeth also owes interest on the late payment of contributions for June 2014 through December 2018 of $8,761.77.

34. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Maspeth Supply is liable to Plaintiffs for: (1) delinquent contributions uncovered by the 2012-2014 Audit of $33,885.23, interest thereon, plus audit costs of $1,073.00, and union assessments and dues check offs of $2,315.96; (2) delinquent contributions uncovered by the 2015-2018 Audit of $218,076.43, interest thereon, plus audit costs of $2,301, and union assessments and dues check offs of $16,289.72; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of 10%; (4) liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing; (5) interest on the late payment of contributions for June 2014 through December 2018 of $8,761.77; (6) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (7) such other legal or equitable relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF AGAINST MASPETH SUPPLY
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

35. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

36. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

6

37. Maspeth Supply violated the terms of the CBA when it failed to timely remit all contributions due and owing for Covered Work revealed by the Audits.

38. Maspeth Supply further violated the terms of the CBA when it failed to remit all contributions for the period June 2014 through December 2018 thereby incurring interest charges of $8,761.77.

39. As a result of Maspeth Supply's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Maspeth Supply for its failure to timely remit contributions required by the CBA for the period January 1, 2012 through December 31, 2014 and January 1, 2015 through September 30, 2018;

ii. Order Maspeth Supply to pay Plaintiffs (1) delinquent contributions uncovered by the 2012-2014 Audit of $33,885.25, interest thereon, plus audit costs of $1,073.00, and union assessments and dues check offs of $2,315.96; (2) delinquent contributions uncovered by the 2015-2018 Audit of $218,076.43, interest thereon, plus audit costs of $2,301, and union assessments and dues check offs of $16,289.72; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of 10%; (4) liquidated damages in the amount of 10% of the delinquent contributions adjudged to be due and owing; (5) interest on late payment of contributions for June 2014 through December 2018 of $8,761.77; (6) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (7) such other legal or equitable relief as the Court deems appropriate;

    iii. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 27, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/
Nicole Marimon, Esq.
Adrianna R. Grancio, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
*Attorneys for Plaintiffs*